UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRICK LOWE,

Plaintiff,

v.

SAN JOAQUIN COUNTY, et al.,

Defendants.

No.  2:25-cv-3022-TLN-CKD (PS)

ORDER

Plaintiff Darrick Lowe proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter is referred to the undersigned by operation of Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

On February 20, 2026, the undersigned recommended defendants' motion to dismiss filed on December 24, 2025, be denied and plaintiff's motion for leave to file the proposed second amended complaint filed on January 16, 2026, be granted. (ECF No. 28.) Those recommendations are pending with the district judge assigned to this case.

On March 3, 2026, plaintiff filed a pleading styled as the second amended complaint. (ECF No. 29.) However, the pleading filed is not the proposed second amended complaint which the undersigned recommended plaintiff be granted leave to file.

Federal Rule of Civil Procedure 15 provides as follows with respect to amendment of pleadings before trial:

1

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

At this point, plaintiff must obtain the court's permission or defendants' consent to amend his pleading. Plaintiff has not obtained defendants' consent to file the pleading filed on March 3, 2026, as reflected by their request to strike the unauthorized pleading by way of a noticed motion to dismiss, which is now fully briefed. (See ECF No. 30, 34, 35.) In addition, the pending recommendation that plaintiff be granted leave to amend, if adopted, would not authorize plaintiff to proceed on the second amended complaint filed on March 3, 2026, because that recommendation applies to the proposed second amended complaint filed on January 16, 2026. (See ECF No. 23-1.)

Although the court will freely give leave to amend when justice so requires, plaintiff's pro se status does not excuse failure to comply with the applicable rules. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). Pro se litigants are expected to know and comply with the rules of civil procedure. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

The undersigned finds plaintiff's unauthorized pleading causes prejudice because it unnecessarily complicates this proceeding and causes confusion. Because of this prejudice, the undersigned will exercise discretion to strike the unauthorized pleading. See Fed. R. Civ. P. 12(f); California Dept. Of Toxic Substances Control v. Alco Pacific, Inc., 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002). Plaintiff may seek leave to amend by following the applicable rule.

////

In addition, on March 15, 2026, plaintiff filed a motion to appoint a guardian ad litem. (ECF No. 32.) This motion is appropriate for decision without oral argument and is submitted without oral argument under Local Rule 230(g). Accordingly, the hearing set for April 29, 2026 will be vacated. A written order on the motion to appoint guardian ad litem will issue at a later date after the close of the briefing schedule under Local Rule 230.

In accordance with the above, IT IS ORDERED as follows:

1.  The hearings set for April 29, 2026, on defendants' motion to dismiss and plaintiff's motion to appoint guardian ad litem are VACATED.

2.  On the court's own motion, the court STRIKES plaintiff's unauthorized second amended complaint filed on March 3, 2026 (ECF No. 29).

3.  In light of the above, defendants' motion to dismiss (ECF No. 30) is DENIED as moot.

Dated:  March 26, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, lowe25cv3022.30