DANA A. SUNTAG (State Bar No. 125127)
JOSHUA J. STEVENS (State Bar No. 238105)
ALEXANDER R. THOMAS (State Bar No. 350132)
HERUM\CRABTREE\SUNTAG, LLP
5757 Pacific Avenue, Suite 222
Stockton, California 95207
Telephone: (209) 472-7700
dsuntag@herumcrabtree.com
jstevens@herumcrabtree.com
athomas@herumcrabtree.com

Attorneys for All Defendants

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRICK LOWE Sr,<br><br>Plaintiff,<br><br>vs.<br><br>SAN JOAQUIN COUNTY; JOSEPH GARCIA, individually; JAYSON BURK, individually; and ORLANDO ONTIVEROS-CHI, individually.<br><br>Defendants. | Case No.: 2:25-cv-03022-TLN-CKD (PS)<br><br>**DEFENDANTS COUNTY OF SAN JOAQUIN, JOSEPH GARCIA, JAYSON BURK, AND ORLANDO ONTIVERO-CHI'S FIRST AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendants County of San Joaquin (the "County"), Joseph Garcia ("Deputy Garcia"), Jayson Burk ("Sgt. Burk"), and Orlando Ontiveros-Chi ("Deputy Ontiveros") (collectively, "Defendants"), for themselves, only, in answer to Plaintiff's Second Amended Complaint ("SAC"), admit, deny, and allege as follows:

1. Defendants admit the allegations in paragraphs 1, 3, 8, 25, 35, 36, and 81.

2. Defendants deny the allegations in paragraphs 15, 18, 23, 31, 48, 51, 63, 75, 88, 91, 92, 95-98, 100-101, 103-106, 108, 110, 114, and 115.

3. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2, 7, 12, , 33, 34, 37, 49, 52-62, 64-74, 76, 77, 83, 84, 107, and 113.

4. Defense counsel has not received necessary documentation or information from juvenile case files, protected under California Welfare and Institutions Code Section 827 and Rule of Court 5.551, to be able to respond to the following paragraphs under Federal Rule of Civil Procedure 8(b); accordingly, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the following paragraphs: 13, 16, 17, 19-21, 38-44. Defendants may amend this Answer after counsel have received and reviewed the necessary documentation.

5. As to paragraph 4, Defendants admit Plaintiff's SAC is premised on an alleged civil rights violation and that on March 1, 2022, Plaintiff was arrested on the front porch of his home without a warrant; Defendants deny each remaining allegation.

6. As to paragraph 5, Defendants admit that deputies obtained an Emergency Protective Order ("EPO") by telephone from a judicial officer before encountering Plaintiff; Defendants deny each remaining allegation.

7. As to paragraph 6, Defendants admit that these are the claims for relief that Plaintiff is asserting in his SAC; Defendants deny each remaining allegation.

8. As to paragraphs 9-11, Defendants admit these paragraphs except as to the capacity in which Plaintiff has chosen to sue them, and as to these allegations,

Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations

9. As to paragraph 14, Defendants admit that on February 2, 2022, deputies arrived at the school after receiving a report that the child had hit his head on a wall, and that Deputy Garcia ultimately concluded no further action was warranted at that time; Defendants deny each remaining allegation.

10. As to paragraph 22, Defendants admit that on March 1, 2022, Deputy Garcia arrived at the child's school and requested to speak to him, spoke to the child at his school about abuse he was experiencing at home, and the child was emotional; Defendants deny each remaining allegation.

11. As to paragraph 24, Defendants admit each allegation except that the information was "sensitive" and could not be discussed over the phone.

12. As to paragraph 26, Defendants admit Plaintiff was arrested on his front porch, that they had obtained an obtained an EPO by telephone from a judicial officer earlier in the day, and they did not seek or obtain an arrest warrant; Defendants deny each remaining allegation.

13. As to paragraph 27, Defendants admit Deputy Garcia questioned Plaintiff about his son; Defendants deny each remaining allegation.

14. As to paragraph 28, Defendants admit Plaintiff requested supervisory review and Sgt. Burk was present; Defendants deny each remaining allegation.

15. As to paragraph 29, Defendants deny each allegation except those that pertain to what Plaintiff knew or later found out; as to these allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

16. As to paragraph 30, Defendants admit Plaintiff was arrested; Defendants deny each remaining allegation.

17. As to paragraph 32, Defendants admit Deputy Ontiveros was present and assisted in transporting Plaintiff; Defendants deny each remaining allegation.

18. As to paragraph 45, Defendants admit Plaintiff was issued a detention certificate formally classifying his custody as a detention only and not an arrest; Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

19. As to paragraph 46, Defendants admit on April 6, 2022, Plaintiff was issued a written denial from the County's Sheriff's Office Records Division in response to his request for a copy of the incident report associated with Case No. 22-4526, and the denial stated that the Sheriff's Office "does not release to suspect or arrestees;" Defendants deny each remaining allegation.

20. As to paragraph 47, Defendants admit Plaintiff invoked the County's IA process and identified as potential issues the allegations listed; Defendants deny each remaining allegation or that any constitutional violation occurred.

21. As to paragraph 50, Defendants admit that in July 2025, Plaintiff submitted a CPRA request to the County and that no records were provided to Plaintiff; Defendants deny each remaining allegation.

22. As to paragraph 78, Defendants admit that on July 11, 2025, Plaintiff submitted a CPRA request to the County, the County denied the request in its entirety, and the County provided no records to Plaintiff; Defendants deny each remaining allegation.

23. As to paragraph 79, Defendants admit Plaintiff had been issued a detention certificate, and the County District Attorney had declined to file charges against Plaintiff and no criminal charges were pending; Defendants deny each remaining allegation.

24. As to paragraph 80, Defendants admit that Plaintiff submitted another CPRA request on August 1, 2025, and made the allegations listed; Defendants deny each remaining allegation.

25. As to paragraph 82, Defendants admit County Counsel stated that Plaintiff's arguments were "without legal foundation," confirmed that the County would

continue to withhold all requested records, and expressly preserved the County's position for use in future litigation; Defendants deny each remaining allegation.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fourth Amendment – Alleged Unlawful Seizure (42 U.S.C. § 1983)**

26. As to paragraph 85, Defendants incorporate by reference their responses to paragraphs 1-57 and 63-64.

27. As to paragraph 86, Defendants admit that on March 1, 2022, Deputy Garcia seized and arrested Plaintiff on the front porch of his residence; Defendants deny each remaining allegation.

28. As to paragraph 87, Defendants admit Plaintiff was arrested without a warrant; Defendants deny each remaining allegation.

29. Defendants responded to paragraphs 88, 91, and 92, in paragraph 2, above.

30. As to paragraphs 89 and 90, Defendants admit that Sgt. Burk was the on-scene supervisor; Defendants deny each remaining allegation.

**SECOND CLAIM FOR RELIEF**
**Violation of the First and Fifth Amendments – Alleged Retaliation (42 U.S.C. § 1983)**

31. As to paragraph 93, Defendants incorporate by reference their responses to paragraphs 1-57 and 63-64.

32. As to paragraph 94, Defendants admit the First and Fifth Amendments provide these protections, but Defendants deny they were applicable in this context.

33. Defendants responded to paragraphs 95-98, 100-101 in paragraph 2, above.

34. As to paragraph 99, Defendants admit Deputy Ontiveros was present during the arrest; Defendants deny each remaining allegation.

**THIRD CLAIM FOR RELIEF**
**Municipal Liability – Alleged *Monell* Violation (42 U.S.C. § 1983)**

35. As to paragraph 102, Defendants incorporate by reference their responses to paragraphs 1-57 and 58-84.

HERUM CRABTREE SUNTAG ATTORNEYS

36. Defendants responded to paragraphs 103-106 and 108 in paragraph 2, above.

37. Defendants responded to paragraph 107 in paragraph 3, above.

**FOURTH CLAIM FOR RELIEF**
**Violation of the Fourteenth Amendment – Alleged Due Process Violation**
**(42 U.S.C. § 1983)**

38. As to paragraph 109, Defendants incorporate by reference their responses to paragraphs 1-57 and 65-84.

39. Defendants responded to paragraphs 110, 114, and 115 in paragraph 2, above.

40. As to paragraphs 111 and 112, Defendants deny that there was a "false classification;" As to each remaining allegation, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

41. Defendants responded to paragraph 113 in paragraph 3, above.

FIRST AFFIRMATIVE DEFENSE

Each "count" (referred to herein as "claim for relief" or "claim") fails to state a claim on which relief may be granted because each count is barred for numerous reasons, as further detailed in the following affirmative defenses.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, to the extent they concern the individual Defendants seeking, obtaining, or enforcing the EPO, or initiating criminal prosecution against Plaintiff, are barred, in whole or in part, by absolute immunity.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent Plaintiff seeks to impose liability based on *respondeat superior*, and his SAC is vague as to whether he seeks liability based on *respondeat superior*.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by qualified immunity, because the individual defendants did not violate any clearly established law and their conduct was objectively reasonable.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff was careless and negligent in connection with the matters he alleges, and such carelessness and negligence proximately caused and contributed to the alleged loss and/or damage, and was to some degree, to be determined through discovery, himself at fault for the events described in his SAC and the alleged harm he suffered. Therefore, any damages awarded should be reduced in proportion to fault.

SIXTH AFFIRMATIVE DEFENSE

The acts or omissions of others, negligent or otherwise, proximately caused or contributed to the loss or damage, if any, Plaintiff sustained or may sustain. The identities of these other individuals are presently unknown to Defendants, but may be determined through discovery, but conceivably could include, without limitation, Plaintiff's wife, Plaintiff's children, school administrators or officials, or any other person who, without limitation, may have provided inaccurate or incomplete information, or refused to provide information, to the individual Defendants and which was acted on by the individual Defendants in good faith. Therefore, any liability should be reduced in proportion to the fault of others, including without limitation any non-economic losses or injuries others caused.

SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because of a failure to mitigate alleged damages.

EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, to the extent they concern the various Public Records Act requests that Plaintiff initiated, in whole or in part, because he failed timely or properly

to exhaust administrative remedies and/or failed to satisfy a condition precedent to a court action.

NINTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of loss or damage of the nature Plaintiff claims to have sustained by withholding information from the individual Defendants and/or preventing the individual Defendants from obtaining information, which may have forced the individual Defendants to make decisions, in good faith, on less than all information that was available and/or was known to Plaintiff.

TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on waiver, to the extent Plaintiff relinquished his right to sue, made similar allegations, or pursued similar claims in connection with any previous litigation and/or in connection with any military-related cases, controversies, or actions.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on estoppel, to the extent Plaintiff made statements to any employee or agent of the County and/or made statements or took legal positions inconsistent with his current allegations.

TWELFTH AFFIRMATIVE DEFENSE

Defendants' actions were based on a good faith exercise of responsibility conferred on them.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on managerial/supervisory immunity, to the extent Plaintiff asserts claims against any County personnel in a supervisory capacity with an insufficient causal connection to any underlying alleged constitutional violation.

FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on privilege, to the extent "privilege" relates to an applicable immunity. Further, Plaintiff's claims are potentially

barred to the extent they rely on, or seek to discover, information subject to privileges, including without limitation, the informant or official information privileges.

FIFTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith and with reasonable and probable good cause and with the honest and reasonable belief such actions were reasonable and necessary.

SIXTEENTH AFFIRMATIVE DEFENSE

Defendants acted with due care in the execution or enforcement of laws.

SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of consent, including without limitation, because Plaintiff voluntarily chose to meet with and speak to the individual defendants.

EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith with probable cause and with the honest and reasonable belief that their actions were reasonable and necessary and did not know that any such actions would violate Plaintiff's constitutional rights.

NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, based on unclean hands, to the extent Plaintiff is seeking injunctive or declaratory relief, based on Plaintiff's own actions and inactions that caused, in whole or in part, the incidents alleged.

TWENTIETH AFFIRMATIVE DEFENSE

At all relevant times, Defendants acted reasonably, and their actions constituted an exercise of discretion and were carried out in good faith.

TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendants neither knew nor had reason to know any of their alleged acts or omissions would violate any clearly established rights or laws.

TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, including without limitation because he had remedies under the California Public Records Act and other state laws or to the extent Plaintiff is

alleging a procedural due process violation with regards to his criminal record that could have been rectified through state law remedies.

TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff was given, or had available to him, proper due process for each of the alleged deprivations of his constitutional rights, to the extent Plaintiff's claims are based on the various Public Records Act requests that Plaintiff initiated, the internal affairs complaints that Plaintiff initiated, or the criminal proceedings, including without limitation, the expungement process for criminal matters available to Plaintiff under state law.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by qualified immunity based on the judicial or quasi-judicial functions of Defendants, including without limitation the fact that all or a portion of relevant conduct was judicially directed, approved, ratified, or affirmed, to the extent Plaintiff's claims are based on the individual Defendants seeking, obtaining, or enforcing the EPO.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations and deadlines, including but not limited to, 42 U.S.C. § 1983 and California Code of Civil Procedure section 335.1.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant's conduct was judicially directed, approved, and/or ratified, including without limitation, to the extent Plaintiff's claims are based on the individual Defendants seeking, obtaining, or enforcing the EPO.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As to each individual Defendant, Plaintiffs' claims are barred, in whole or in part, to the extent any such Defendant did not actively participate in the alleged conduct.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendants allege and claim all rights, defenses, and immunities granted by virtue of California law to the extent they apply to Plaintiff's claims, including without limitation Government Code Sections 810 through 996.6, inclusive, and any other immunities, rights, or defenses provided by law.

TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by collateral estoppel/*res judicata*, including without limitation, to the extent Plaintiff made statements or took legal positions in connection with any military-related cases, controversies, or actions inconsistent with his current allegations, or to the extent that Plaintiff previously litigated any of the issues raised in his SAC.

Wherefore, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by his SAC and that his SAC be dismissed with prejudice;
2. For attorneys' fees incurred, as allowed by law;
3. For costs incurred; and
4. For such other and further relief as the Court deems proper.

Respectfully submitted,

Dated: June 4, 2026

HERUM CRABTREE SUNTAG, LLP

By: */s/ Joshua J. Stevens*
JOSHUA J. STEVENS
Attorney for All Defendants