UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRICK LOWE,<br>Plaintiff,<br>v.<br>SAN JOAQUIN COUNTY, et al.,<br>Defendants. | No. 2:25-cv-3022-TLN-CKD (PS)<br><br>ORDER |

Plaintiff Darrick Lowe proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). In the motion presently before the court (ECF No. 51), plaintiff moves to strike most of the affirmative defenses pleaded by defendants County of San Joaquin, Joseph Garcia, Jayson Burk, and Orlando Ontiveros-Chi ("defendants").[1] This matter is suitable for decision without oral argument under Local Rule 230(g). Accordingly, the hearing set for July 29, 2026, is vacated. The motion is granted in part and otherwise denied for the reasons set forth below.

**I. Background**

Plaintiff filed the operative second amended complaint ("SAC") on April 14, 2026. (ECF No. 40.) At all relevant times, defendant Jayson Burk was a supervising sergeant with the San

[1] The operative answer, ECF No. 50, is the first amended answer to the second amended complaint.

Joaquin County Sheriff's Office and defendants Garcia and Orlando Ontiveros-Chi were deputies employed by the Sheriff's Office (Id., ¶¶ 9-11.) Plaintiff brings four claims under 42 U.S.C. § 1983 as follows: (1) Fourth Amendment - Unlawful Seizure; (2) First and Fifth Amendment Retaliation; (3) Municipal Liability – Monell; and (4) Fourteenth Amendment – Due Process (Stigma Plus). Plaintiff seeks damages and declaratory and injunctive relief. (Id., ¶¶ 85-115.)

Defendants answered the SAC on May 14, 2026, and plaintiff filed a previous motion to strike affirmative defenses in that answer. (ECF Nos. 46, 48.) Defendants filed the operative first amended answer now before the court on June 4, 2026. (ECF No. 50.) After defendants filed the operative answer, the previous motion to strike was denied as moot. (ECF Nos. 48, 53.)

Plaintiff filed the pending motion to strike on June 5, 2026. The motion is fully briefed. (ECF Nos. 51, 55, 59.)

## II. Applicable Legal Standards

Rule 8(c) governs the pleading of affirmative defenses and requires a responding party to "affirmatively state" its affirmative defenses. Fed. R. Civ. P. 8(c). Defendants must give "fair notice" of the affirmative defenses pled. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979) (per curiam); see also Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015).

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010).

Because of the limited importance of pleading in federal practice, courts sometimes require a showing of prejudice by the moving party before granting the requested relief in a motion to strike. See California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002); Guerrero v. Halliburton Energy Servs., Inc., 231 F. Supp. 3d 797, 802 (E.D. Cal. 2017). In exercising discretion whether to grant a motion to strike, the court views the pleadings in the light most favorable to the non-moving party and resolves any doubt as to the sufficiency of a defense in a defendant's favor, particularly if the moving party

does not demonstrate prejudice. California Dep't of Toxic Substances Control, 217 F. Supp. 2d at 1033.

**III. Discussion**

Defendants pleaded twenty-nine affirmative defenses. (ECF No. 50 at 6-11.) Plaintiff moves to strike each affirmative defense except for the defenses of qualified immunity and statute of limitations, which are the fourth and twenty-fifth affirmative defenses. (ECF No. 51.) Plaintiff states the challenged defenses fall into seven categories: denials and redundant good faith or reasonableness defenses which are not proper affirmative defenses; immunities categorically unavailable to officers performing investigative and arrest functions; defenses categorically unavailable in a § 1983 action for intentional constitutional torts; defenses foreclosed by defendants' own admissions or directed at theories not pleaded; equitable and evidentiary matters that do not bar § 1983 liability; a preclusion defense unavailable as a matter of law; and, in the alternative, three defenses that fail to provide fair notice. (Id. at 3.)

The type of prejudice that is sufficient to support the granting of a motion to strike is "[t]he possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial[.]" Guerrero, Inc., 231 F. Supp. 3d at 802. Here, plaintiff argues striking the challenged defenses will prevent the parties from expending discovery resources litigating issues that cannot bear on this case. (ECF No. 51 at 3.) He argues he is prejudiced because he must now propound discovery on unavailable and improper defenses. (Id. at 18.) However, permitting technically improper affirmative defenses to stand does not impose similar burdens on the opposing litigant as does permitting a plaintiff to proceed on a conclusory or factually deficient complaint. See Facebook, Inc. v. ConnectU LLC, No. C 07-01389 RS, 2007 WL 2349324, at *1 (N.D. Cal. Aug. 14, 2007). "In few instances, if any, will such pleadings render subject matter discoverable that is not already implicated by the allegations of the complaint." Id.

To show that a defense is "insufficient," the moving party must demonstrate there are no questions of fact, that any questions of law are clear and not in dispute, and that the defense could not succeed under any set of circumstances. California Dep't of Toxic Substances Control, 217 F.

Supp. 2d at 1032. A motion to strike is not the appropriate vehicle for arguing the substantive merits of an affirmative defense. Xu v. City of Los Angeles, No. 2:23-cv-01575-FLA (SP), 2023 WL 8143542, at *2 (C.D. Cal. Oct. 18, 2023) ("courts do not strike affirmative defenses simply because they will fail"). Assessment of the sufficiency of defenses which give fair notice is better left for adjudication on the merits. See California Dep't of Toxic Substances Control, 217 F. Supp. 2d at 1033.

Accordingly, the court's focus is on whether the affirmative defenses give fair notice and whether plaintiff has shown the defense could not succeed under any circumstances. See Perez v. Nuzon Corp., No. SACV-16-00363-CJCKESX, 2016 WL 11002544, at *3 (C.D. Cal. June 6, 2016) (declining to strike affirmative defenses that go to the merits of the dispute or constitute negative defenses to elements of the claims rather than affirmative defenses to liability, finding "little harm" in allowing them to remain). As set forth below, the court does not find any of defendants' affirmative defenses fail to give plaintiff fair notice. Accordingly, the court will strike only those defenses plaintiff has shown cannot succeed under any circumstances.

**A. Denials \ Negative Defenses**

A defense that points out a defect in a plaintiff's prima facie case, or "merely negates an element" is not an affirmative defense. Zivkovic v. S. California Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002). Courts are split on whether such defenses should be stricken. See, e.g. Barnes & Noble, Inc. v. LSI Corp., 849 F. Supp.2d 925, 945 (N.D. Cal. 2012) (noting split of authority and declining to strike failure to state a claim asserted as an affirmative defense). Finding no prejudice to plaintiff, the court declines to strike the first, twelfth, fifteenth, sixteenth, eighteenth, twentieth, twenty-first, and twenty-seventh affirmative defenses, which plaintiff alleges are denials or other technically improper affirmative defenses.

**B. Immunities and Judicially-Directed Conduct**

Plaintiff argues absolute immunity and quasi-judicial immunity, the second and twenty-fourth affirmative defenses, are categorically unavailable to officers performing investigative and arrest functions. (ECF No. 51 at 8-9.) A law enforcement officer executing a valid judicial order is protected by absolute quasi-judicial immunity. See Roland v. Phillips, 19 F.3d 552, 557 (11th

Cir. 1987) ("Whether a valid judicial order is verbal or written, an executing law enforcement official is protected by absolute quasi-judicial immunity.").

Plaintiff's challenge is based on defendants' admissions that they acted without a warrant. (ECF No. 51 at 8-9.) However, defendants limited the scope of these affirmative defenses to their conduct in obtaining and enforcing the Emergency Protective Order ("EPO") referred to in plaintiff's complaint, as well as initiating criminal prosecution, as opposed to any decision to arrest plaintiff without a warrant. (ECF No. 50 at 6, 10.) Defendants similarly limited the twenty-sixth affirmative defense, judicially-directed conduct, to their conduct in seeking, obtaining, or enforcing the EPO. (ECF No. 50 at 10.) The motion to strike is denied as to these affirmative defenses.

**C. Defenses Plaintiff asserts are Categorically Unavailable**

The court will strike defendants' fifth, sixth, and ninth affirmative defenses asserting plaintiff's negligence, fault of others, and assumption of risk, respectively. Plaintiff argues these defenses are unavailable for plaintiff's claims under 42 U.S.C. § 1983. (ECF No. 51 at 9-11.) Defendants respond that these are "common causation defenses" which the undersigned has declined to strike on a previous occasion. (ECF No. 55 at 6.) Defendants do not respond to the argument that these defenses are unavailable to plaintiff's claims under § 1983. Plaintiff does not proceed on any state-law claims in the present case and defendants do not argue these defenses have any application to plaintiff's claims under § 1983. The motion to strike is granted as to these affirmative defenses.

The court will also strike the eighth affirmative defense, asserting failure to exhaust administrative remedies. Defendants argue they limited this defense to plaintiff's requests under the California Public Records Act, and they cite Government Code § 7923.500 as an example of an available administrative process. (ECF No. 55 at 6.) However, plaintiff does not bring any claims related to the denial of records for which he was required to utilize the process in Government Code § 7923.500. The motion to strike is granted as to this affirmative defense.

The court will also strike the twenty-eighth affirmative defense asserting California Statutory Immunities. Defendants the purpose of this affirmative defense is to avoid waiving any

rights afforded to them by the California Government Code and cite a case in which a federal court applied Government Code § 818 in a civil rights case filed under 42 U.S.C. § 1983. In the cited case, the district court applied Government Code § 818 to state law claims rather than the federal claims. See Matilton v. Humboldt Cnty., No. 25-CV-01168-RMI, 2025 WL 2978391, at *11 (N.D. Cal. Oct. 22, 2025). Plaintiff brings no state law claims, and the motion to strike is granted as to this affirmative defense.

Defendants request leave to amend any defense that is stricken. However, defendants failed to rebut plaintiff's showing that these defenses are insufficient because they could not succeed under any circumstances. Accordingly, leave to amend will be denied. The denial of leave to amend is without prejudice to any request made in a properly noticed and supported motion for leave to amend.

**D. Respondeat Superior and Managerial\Supervisory Immunity**

Plaintiff argues respondeat superior, the third affirmative defense, is immaterial because it is directed at a theory not pleaded. (ECF No. 51 at 12.) He argues the thirteenth affirmative defense, managerial/supervisory immunity, is not a recognized defense to claims under 42 U.S.C. § 1983. (Id. at 9.) Defendants argue the SAC is unclear to what extent plaintiff seeks to hold supervisors liable for their alleged conduct. (ECF No. 55 at 6, 7.) Finding no prejudice to plaintiff if these affirmative defenses remain in the pleading, the court declines to strike.

**E. Privilege, Adequate State-Law Remedies and Availability of Due Process**

Defendants' fourteenth affirmative defense states plaintiff's claims are barred based on privilege to the extent "privilege" relates to an applicable immunity, and to the extent plaintiff's claims rely on, or seek to discover, information subject to privileges. (ECF No. 50 at 8-9.) Plaintiff argues the defense is redundant to the extent it asserts immunity, and not a bar to liability to the extent it asserts evidentiary privileges. (ECF No. 51 at 12.) Finding no prejudice to plaintiff, the court declines to strike. The court also declines to strike the twenty-second affirmative defense asserting the existence of adequate state-law remedies, and the twenty-third affirmative defense asserting availability of due process, as plaintiff concedes these defenses could potentially bear on his due process claim. (Id. at 13-14.)

**F. Other Defenses Plaintiff asserts are Insufficient**

Plaintiff's challenges to the seventeenth and nineteenth affirmative defenses, asserting consent and unclean hands,[2] respectively, are fact-based and challenge the merits and sufficiency of the defense. (ECF No. 51 at 14-16.) The court declines to strike these affirmative defenses.

The court also declines to strike the twenty-ninth affirmative defense asserting collateral estoppel/res judicata. Plaintiff argues defendants should be required to identify the specific prior judgment, the court that rendered it, the parties, the issues actually litigated and necessarily decided, and date of the judgment. (ECF No. 51 at 16.) However, plaintiff's challenge is fact-based to the extent he argues the defendants were not party to or in privity with any party to any military proceeding or prior litigation. (Id. at 16.) Defendants argue the defense is directed to the multiple prior proceedings in which plaintiff was involved, and which are alleged in the complaint. (ECF No. 55 at 7.) Defendants also argue they need to engage in discovery in order to know the extent to which the defense may apply. (Id.) Under the circumstances, plaintiff has fair notice and the court declines to strike.

**G. Defenses Plaintiff asserts do not give Fair Notice**

Plaintiff argues the seventh, tenth, and eleventh affirmative defenses do not give fair notice. (ECF No. 51 at 16-18.) The court disagrees and declines to strike.

As to the seventh affirmative defense asserting a failure to mitigate alleged damages, plaintiff notes one court has stricken such a defense pleaded in a "fact-barren" manner. (ECF No. 51 at 17.) Other courts, however, have held a generalized statement of failure to mitigate damages meets the defendant's pleading burden. See Deleon v. Elite Self Storage Mgmt., LLC, No. 215CV02087MCEEFB, 2016 WL 881144, at *3 (E.D. Cal. Mar. 8, 2016) (citing collected cases). Similarly, courts have allowed the defenses of waiver and estoppel, the tenth and eleventh affirmative defenses, to be pleaded generally. See, e.g., See Renn v. Otay Lakes Brewery, LLC, No. 23CV1139-GPC(BLM), 2024 WL 2116056, at *3 (S.D. Cal. May 10, 2024) ("Courts have

---

[2] Plaintiff also argues the defense of unclean hands cannot reach his claims for compensatory and punitive damages. (ECF No. 51 at 15.) However, the SAC also seeks declaratory and injunctive relief. (ECF No. 40 at 37-38.)

held that certain well-established defenses [including waiver and estoppel], whose application is self-explanatory, may be asserted in a general manner."); Vogel v. Linden Optometry APC, No. CV 13-00295 GAF SHX, 2013 WL 1831686, at *5 (C.D. Cal. Apr. 30, 2013) (allowing defenses of waiver and estoppel to remain in the answer even though they were pleaded "with no factual support in any way"). Here, defendants provided a basic factual basis for these affirmative defenses in their pleading. (ECF No. 50 at 8.) The court declines to strike.

**IV. Order**

In accordance with the above, IT IS ORDERED as follows:

1. The hearing set for July 29, 2026, is VACATED.
2. Plaintiff's motion to strike affirmative defenses (ECF No. 51) is GRANTED in part, only to the extent that the court strikes defendants' fifth, sixth, eighth, ninth, and twenty-eighth affirmative defenses in their first amended answer to the second amended complaint, without leave to amend.

Dated: July 21, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 lowe25cv3022.51