UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRICK LOWE,

Plaintiff,

v.

SAN JOAQUIN COUNTY, et al.,

Defendants.

No. 2:25-cv-3022-TLN-CKD (PS)

ORDER AND

FINDINGS AND RECOMMENDATIONS

Plaintiff Darrick Lowe proceeds without counsel and seeks relief under 42 U.S.C. § 1983. This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). Plaintiff's motion for partial summary judgment is before the court. (ECF No. 61.) The motion is suitable for decision without oral argument under Local Rule 230(g). Accordingly, the hearing set for September 9, 2026, is vacated. For the reasons set forth below, the undersigned recommends the motion be denied without prejudice pursuant to Federal Rule of Civil Procedure 56(d).

**BACKGROUND**

Plaintiff proceeds on the operative second amended complaint (SAC) filed on April 14, 2026, against defendants San Joaquin County and individual sheriff's deputies. (ECF No. 40.) Under the SAC's allegations, defendants Garcia, Burk, and Ontiveros-Chi wrongfully arrested

plaintiff on his porch without a warrant and without exigent circumstances on March 1, 2022, on accusations of child abuse. (See id.) The SAC brings four claims under 42 U.S.C. § 1983 as follows: (1) Fourth Amendment Unlawful Seizure; (2) First and Fifth Amendment Retaliation; (3) Municipal Liability - Monell; and (4) Fourteenth Amendment Due Process (Stigma-Plus). (ECF No. 40 at 34.) Plaintiff seeks damages and declaratory and injunctive relief. (Id. at 36-38.) Defendants filed their operative amended answer on June 4, 2026. (ECF No. 50.)

Plaintiff filed the motion for partial summary judgment on July 24, 2026. (ECF No. 61.) The motion is fully briefed with defendants' opposition and plaintiff's reply. (ECF Nos. 64, 65.)

Plaintiff has also filed a notice of errata and filing of corrected exhibits 1, 3, and 4. (ECF No. 62.) Plaintiff indicates three pages of the exhibits filed with his motion for summary judgment inadvertently contained information that should have been redacted pursuant to Federal Rule of Civil Procedure 5.2(a), including his full date of birth and a minor's full name. (Id. at 1.) Plaintiff requests the court to "substitute the attached corrected versions of Exhibits 1, 3, and 4," for the versions previously filed. (Id. at 2.) Good cause appearing, plaintiff will be granted an opportunity to re-file the full motion for summary judgment with the information above redacted as the only change or alteration to that motion. If plaintiff does so, the court will order sealed the prior, unredacted motion.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

Federal Rule of Civil Procedure 56(d) (formerly Rule 56(f))[1] provides "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to

[1] Subdivision (d) of Rule 56 "carries forward without substantial change the provisions of former subdivision (f)." See Fed. R. Civ. P. 56 advisory committee's note to the 2010 amendment.

justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "The purpose of Rule 56(d) relief is to prevent the nonmoving party from being 'railroaded' by a summary judgment motion that is filed too soon after the start of a lawsuit for the nonmovant to properly oppose it without additional discovery." Hollyway Cleaners & Laundry Co., Inc. v. Cent. Nat'l Ins. Co. of Omaha, Inc., 219 F. Supp. 3d 996, 1003 (C.D. Cal. 2016) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)); see also Weinberg v. Whatcom Cnty., 241 F.3d 746, 751 (9th Cir. 2001) ("Rule 56[d] thus protects parties from a premature grant of summary judgment.").

A party seeking Rule 56(d) relief bears the burden of demonstrating that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Fam. Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (citing State of Cal. ex rel. Cal. Dep't of Toxic Substances Control v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998)); see also Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party requesting a continuance pursuant to Rule 56([d]) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."); Fed. R. Civ. P. 56(d) (permitting affidavit or declaration).

**DISCUSSION**

Plaintiff requests summary adjudication on his Fourth Amendment claim against defendant Garcia, on defendant Garcia's qualified immunity defense as to that alleged violation, and on the defendants' twenty-fifth affirmative defense, asserting statute of limitations. (ECF No. 61 at 6.) The undersigned agrees with defendants the motion is premature.

Discovery is open in this case, but discovery deadlines have yet to be set. (See ECF No 54.) The undersigned previously denied defendants' request to stay discovery while they petition the Joaquin County Dependency Court under Welfare and Institutions Code Section 827 for access to juvenile case files relevant to the claims and defenses in this case. (ECF No. 54 at 2.)

////

As to the Fourth Amendment, plaintiff argues he is asking the court "to decide a narrow question: whether Defendants have established an exception to the warrant requirement for an arrest they admit was warrantless and occurred on the front porch of his home." (ECF No. 65 at 2.) Plaintiff notes he "assumes probable cause" for purpose of the motion but "does not assume a crime was imminent[.]" (Id.) He argues Rule 56(d) has not been properly invoked because counsel's declaration about the needed discovery is not sufficiently specific about the facts discovery will produce that will preclude summary judgment. (Id. at 9.)

However, pursuant to the mandates of Rule 56(d), defendants have identified material information they have not had an opportunity to discover. Specifically, according to the declaration of defendants' counsel, defendants seek to discover the incident reports, unredacted CAD logs, audio recordings of calls between the deputies and Plaintiff, his wife, and dispatch, Body Worn Camera evidence depicting… exactly where Plaintiff was arrested, … [ ] and pictures… of Plaintiff's older son's physical injuries… [,]" among other categories of materials. (ECF No. 64-2 at 2.) As referenced above, defendants also await access to relevant juvenile case file materials. (Id.)

Defendants have also explained how they believe the facts obtained from these sources would preclude summary judgment.[2] Specifically, as to plaintiff's Fourth Amendment claim against Deputy Garcia and his qualified immunity defense, they assert the facts obtained would show plaintiff's arrest was valid. (ECF No. 64-2 at 2-4; ECF No. 64 at 3-5.) As to the statute of limitations issue, defendants assert the facts could show plaintiff was not in continuous miliary service during the entire relevant time period as he claims, such that tolling provided by the Servicemembers Civil Relief Act (SCRA) would not render his claims timely filed. (ECF No. 64 at 3.)

Plaintiff argues Rule 56(d) relief should be denied because counsel's declaration offers only "speculation" and identifies documents and categories of documents rather than the specific

---

[2] Defendants also argue that even the cursory information available creates genuine disputes of material fact. (ECF No. 64 at 5.) Because the motion is premature, in the interests of judicial economy, the court need not consider this argument.

facts those documents would supply. (ECF No. 65 at 9.) Plaintiff notes the Ninth Circuit has stated a party seeking a continuance under Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum, 441 F.3d at 1100 (holding a declaration by the plaintiff's counsel that several deposition transcripts had not been received was insufficient to support a request for deferral under Rule 56(d) because it did not explain why the information contained in the depositions would create a genuine issue of material fact).

A lesser showing of specificity may be allowed before relevant discovery has taken place. See Burlington Northern Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 774-75 (9th Cir. 2003). Where a summary judgment motion is filed early so early in the litigation that a party has not had a realistic opportunity to pursue discovery relating to its theory of the case, "district courts should grant any Rule 56(f) motion fairly freely." Id. at 773; See also, e.g., In Re Beshmada LLC, No. CV 12-07219 GAF, 2013 WL 12119570, at *2 (C.D. Cal. Apr. 30, 2013) ("the Ninth Circuit disfavors motions for summary judgment where an opposing party has not had 'ample' opportunity for discovery") (citing Texas Partners v. Conrock Co., 685 F.2d 1116 (9th Cir. 1982)).

Discovery is open, but with no deadlines set due to a stay in place while defendants seek access to juvenile case files. In the meantime, defendants propounded discovery requests including requests for production of documents and interrogatories on plaintiff on July 1, 2026. (ECF No. 64 at 4.) On July 31, 2026, plaintiff served responses to the interrogatories which defendants assert are deficient. Defendants also assert plaintiff has failed to respond to the request for production of documents. (Id.) Relevant to the pending motions, some of the interrogatories and some of the requests for documents sought information and documents, respectively, about plaintiff's military status as relevant to the SCRA and the statute of limitations. (ECF No. 64-3 at 8-9; 16-17.)

Defendants have adequately shown that now sought-after facts are essential to opposing plaintiff's motion for summary judgment on the Fourth Amendment issues concerning defendant Garcia as well as their statute of limitations affirmative defense. The motion for summary

judgment should be denied without prejudice pursuant to Rule 56(d) of the Federal Rules of Procedure to allow time for the parties to complete the necessary discovery.

**ORDER AND RECOMMENDATION**

In accordance with the above, IT IS ORDERED as follows:

1. The hearing set for September 9, 2026, is VACATED.
2. Within 14 days of the date of this order, plaintiff may re-file his motion for partial summary judgment with the only change or alteration being the redaction of the personally identifying information described in plaintiff's notice of errata. If plaintiff does so, the court will order sealed the prior, unredacted motion.

In addition, IT IS RECOMMENDED that plaintiff's motion for summary judgment (ECF No. 61) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: 09/04/26

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 lowe25cv3022.msj