DANA A. SUNTAG (State Bar #125127)
JOSHUA J. STEVENS (State Bar #238105)
ALEXANDER R. THOMAS (State Bar #350132)
HERUM\CRABTREE\SUNTAG, LLP
5757 Pacific Avenue, Suite 222
Stockton, California 95207
Telephone: (209) 472-7700
dsuntag@herumcrabtree.com
jstevens@herumcrabtree.com
athomas@herumcrabtree.com

Attorneys for All Defendants

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

DARRICK LOWE Sr,

Plaintiff,

vs.

SAN JOAQUIN COUNTY; JOSEPH GARCIA, individually; JAYSON BURK, individually; and ORLANDO ONTIVEROS-CHI, individually.

Defendants.

Case No.: 2:25-cv-03022-TLN-CKD

**STIPULATION FOR PROTECTIVE ORDER;**

**~~[PROPOSED]~~ ORDER**

**[No hearing requested]**

Plaintiff Darrick Lowe, Sr., representing himself pro se, and Defendants County of San Joaquin, Joseph Garcia, Jayson Burk, and Orlando Ontiveros-Chi (collectively, "Defendants"), through their defense counsel, enter into this Stipulation for a Protective Order and request the Court so order this Stipulation.

1. PURPOSES AND LIMITATIONS

1.1 Purpose. Discovery in this action is likely to involve the production of confidential, proprietary, or private information for which protection from public disclosure and from use for any purpose other than this litigation may be warranted. The protection this Stipulation and Order affords extends only to information or materials that are entitled to confidential treatment under this Stipulation and Order or applicable law. Likewise, this Stipulation and Order does not create an entitlement to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2 Good Cause Statement Pursuant to Local Rule 141.1(c). The following categories of information may be designated "CONFIDENTIAL" under this Order:

(a) Personnel records and records of internal affairs or professional standards investigations of the individual Defendants and other San Joaquin County Sheriff's Office personnel, to the extent they contain private employment information. Public disclosure of such information would serve no purpose connected to the public's interest in the merits.

(b) Records identifying or concerning minor children, including school records and child welfare records. Minors have a heightened privacy interest in these records, and they are not parties to this action. Including this category does not determine or concede that any record is part of a juvenile case file within the meaning of California Welfare and Institutions Code § 827.

(c) Medical and mental health records of any party or non-party. These records are protected by recognized privacy interests, and disclosing them outside this litigation could cause embarrassment and harm unrelated to the merits.

(d) Personal identifying, contact, and financial information of parties and non-parties, including home addresses, dates of birth, and financial account information, to the extent not addressed by Federal Rule of Civil Procedure 5.2. Public disclosure of this information would expose individuals to identity theft, harassment, and invasion of privacy, and it has no bearing on the public's interest in the merits.

(e) Training materials and course outlines, to the extent they contain content proprietary to a third-party vendor or tactical procedures the disclosure of which would create a risk to officer safety.

(f) Any other category of material that the Parties agree to in writing, or that the Court permits upon motion.

1.3 <u>Need for a Court Order</u>. The need for protection should be addressed by court order rather than private agreement because: (1) the Parties expect to obtain some of these records from non-parties by subpoena, including school and law enforcement custodians, who will not be bound by a private agreement between the Parties; (2) a court order provides a single, uniform procedure for designating information and resolving challenges; and (3) a court order is enforceable by the Court's contempt power, which gives the persons whose privacy is at stake a protection a private agreement cannot.

1.4 <u>Governing Law</u>. This action arises under federal law, and questions of privilege are governed by federal law. Fed. R. Evid. 501. Designating information under this Order does not determine or concede that any state-law privilege or confidentiality statute governs discovery in this action.

2. DEFINITIONS

2.1. Party or Parties: any party or the parties to this action, including all of their officers, directors, employees, consultants, retained experts, house counsel and outside counsel (and their support staff), and professional vendors.

2.2. Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery by any Party in this matter.

2.3. "Confidential" Information or Items: information (regardless of the medium or how generated, stored, or maintained) or tangible things that qualify for protection under the Federal Rules of Civil Procedure, and as specified in the Good Cause Statement, above and in the subsequent portions of this Order.

2.4. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party, including without limitation pursuant to a notice of oral deposition; discovery request; or subpoena for documents, testimony, or both.

2.5. Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action, including without limitation in response to a notice of oral deposition; discovery request; or subpoena for documents, testimony, or both. For the limited purpose of designating testimony subject to this Stipulation and Order pursuant to Section 6.2(b) (infra), a "Producing Party" shall also include a Party that is attending or participating in a non-party deposition noticed or subpoenaed by another Party.

2.6. Designating Party: a Producing Party that designates information or items that it produces as "CONFIDENTIAL."

2.7. Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" under the provisions of this Stipulation and Protective Order. (The term "Confidential Document" shall be synonymous with the term "Protected Material" for the purposes of this Stipulation and Protective Order.)

2.8. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action (as well as their support staff).

2.9. House Counsel: attorneys who are employees of a Party (as well as their support staff).

2.10. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

2.11. Expert: any person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; as well as any person retained, designated, or disclosed by a Party as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2).

2.12. Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.13. Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.14. Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order,

including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

4. DURATION

The obligations imposed by this Order shall remain in effect after a final disposition of this proceeding until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1. Exercise of Restraint and Care in Designating Material for Protection. Any Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are found by a Court to be unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If a Designating Party learns that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2. Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party at a minimum affix the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend") to each page that contains protected material, or in the case of an electronic audio file or video, by either inserting "CONFIDENTIAL" into the file name or producing the materials with a cover letter clearly delineating the files as "CONFIDENTIAL." If only a portion of the material on a page or within an audio or video file qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins), including where reasonably practicable, the applicable time segment(s). No designation may obscure any text or image.

(b) for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, the Designating Party must identify all such testimony before the close of the deposition.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3. Inadvertent Failures to Designate. A Designating Party shall have 30 days following the date it produces Disclosure of Discovery Material to correct an inadvertent failure to designate under this Order such material. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the

Designating Party's right to secure protection under this Order for such material. On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2. Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3. Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Local Rules 230 and 251 (and in compliance with Local Rule 141, if applicable)

within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation, unless the parties agree in writing to extend this deadline. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

6.4. <u>Withdrawal of "CONFIDENTIAL" Designation.</u> At its discretion, a Designating Party may remove Protected Material/Confidential Documents from some or all of the protections and provisions of this Stipulation and Order at any time by any of the following methods:

(a) Express Written Withdrawal. A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from some or all of the protections of this Stipulation and Order by an express

withdrawal in writing. Such withdrawal must specify and itemize the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to all or some of the provisions of this Stipulation and Order. Such express withdrawal shall be effective when transmitted or served upon the Receiving Party. If a Designating Party is withdrawing Protected Material from only some of the provisions/protections of this Stipulation and Order, such Party must state which specific provisions are no longer to be enforced as to the specified material for which confidentiality protection hereunder is withdrawn: otherwise, such withdrawal shall be construed as a withdrawal of such material from all of the protections/provisions of this Stipulation and Order;

(b) Express Withdrawal on the Record. A Designating Party may withdraw a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this Stipulation and Order by verbally consenting in court proceedings on the record to such withdrawal, provided that such withdrawal specifies the Disclosure or Discovery Material previously designated as Protected Material/Confidential Documents that shall no longer be subject to any of the provisions of this Stipulation and Order. A Designating Party is not permitted to withdraw Protected Material from only some of the protections/provisions of this Stipulation and Order by this method;

(c) Implicit Withdrawal by Publication or Failure to Seek Judicial Relief. A Designating Party shall be construed to have withdrawn a "CONFIDENTIAL" designation made to any specified Protected Material/Confidential Documents from all of the provisions/protections of this Stipulation and Order by either (1) making such Protected Material/Confidential Records part of the public record – including but not limited to attaching such as exhibits to any filing with the court without moving, prior to such filing, for the court to seal such records; or (2) failing timely to file and serve a motion to retain confidentiality as required by Section 6.3. Nothing in this Stipulation and Order

shall be construed so as to require any Party to file Protected Material/Confidential Documents under seal, unless expressly specified herein

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) Parties

(b) Outside Counsel of Record in this Action, as well as employees of such Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c) the officers, directors, members of the Board of Supervisors, partners, members, employees (including House Counsel), former employees, and agents of the Receiving Party to whom disclosure is reasonably necessary for this Action—each of whom, by accepting receipt of such Protected Material, agrees to be bound by this Stipulation and Order;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action—each of whom, by accepting receipt of such Protected Material, agrees to be bound by this Stipulation and Order;

(e) the Court and its personnel;

(f) outside professional vendors who are not employees of an attorney of record in this lawsuit or a party, solely for purposes of providing professional services for purposes of this lawsuit that such professional vendors normally provide, such as, without limitation, photocopying, scanning, filing, courier services, jury or trial consultants, and mock jurors;

(g) any deposition, trial, or hearing witness in this lawsuit (provided that each such person shall be advised that such Protected Material are being disclosed pursuant to, and are subject to, the terms of this Order and that they may not be disclosed except pursuant to it);

(h) any mediator or settlement officer, and their supporting personnel, who are mutually agreed upon by any of the Parties engaged in settlement discussions;

(i) insurance adjusters, third party administrators, indemnitors, and insurance carriers for any Party, and their agents and employees, each of whom, by accepting receipt of such Protected Material, agrees to be bound by this Stipulation and Order;

(j) any attorney, law firm, legal aid organization, law school clinic, or public interest legal organization consulted by a pro se Party for the purpose of obtaining legal advice, evaluating potential representation, or evaluating participation as amicus curiae, and their attorneys, staff, and students working under attorney supervision, each of whom, by accepting receipt of such Protected Material, agrees to be bound by this Stipulation and Order; and

(k) any consultant or prospective Expert not yet retained, and any person assisting a pro se Party without compensation in the preparation of this Action, to whom disclosure is reasonably necessary—each of whom, by accepting receipt of such Protected Material, agrees to be bound by this Stipulation and Order.

(l) any other person or entity that the parties agree to in writing, or that the Court permits upon motion.

7.3. Reservation of Rights. Nothing in this Stipulation and Order shall be construed so as to require any Producing Party to designate any records or materials as

"CONFIDENTIAL." Nothing in this Stipulation and Order shall be construed so as to prevent or allow the admission of Protected Material into evidence at the trial of this action, or in any appellate proceedings for this action, solely on the basis that such Disclosure or Discovery Material has been designated as Protected Material/Confidential Documents. Notwithstanding the foregoing, nothing in this Stipulation and Order shall be construed as a waiver of any privileges or protections or of any rights to object to the use or admission into evidence of any Protected Material in any proceeding; nor shall anything herein be construed as a concession that any privileges or protections asserted or objections made are valid or applicable. Nothing in this Stipulation and Order shall be construed so as to prevent the Producing Party (or its Counsel or custodian of records) from having access to and using Protected Material designated by that Party in the manner in which such persons or entities would typically use such materials in the normal course of their duties or profession – except that the waiver of confidentiality provisions shall apply.

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement

with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must within 30 days of learning of the inadvertent disclosure (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons agree to be bound by this Stipulation and Order.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

12. DISCLOSURE OF PROTECTED MATERIAL

12.1. Filing of Protected Material. All filings in this action shall comply with Local Rule 140(a), and neither this Stipulation and Order nor any agreement of the Parties excuses compliance with that subsection. Without advance written permission from the Designating Party, or a court order secured after required notice, a Receiving Party may

not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141 and/or 141.1, to the extent applicable. If a Party's request to file Protected Material under seal is denied by the Court, then the Party may file the information in the public record unless otherwise instructed by the Court.

12.2. Dissemination of Protected Material. A Receiving Party shall not publish, release, post, or disseminate Protected Material to any persons except those specifically authorized by this Stipulation and Order (see section 7, supra); nor shall a Receiving Party publish, release, leak, post, or disseminate Protected Material/Confidential Documents to any news media, member of the press, website, or public forum (except as permitted under section 12.1).

13. MISCELLANEOUS

13.1. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2. Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where

appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel and any Party appearing pro se are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, consultant and expert work product, and a pro se Party's own notes, chronologies, and analyses, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

IT IS SO STIPULATED.

Date: October 10, 2026

**HERUM CRABTREE SUNTAG, LLP**
By: */s/ Joshua J. Stevens*
JOSHUA J. STEVENS
Attorneys for All Defendants

Dated October 10, 2026

**PLAINTIFF, PRO SE**
By: */s/ Darrick Lowe, Sr.**
DARRICK LOWE, SR.
Plaintiff, pro se
(*as authorized on 10 October, 2026)

**ORDER**

GOOD CAUSE APPEARING, the Court hereby approves this Stipulated Protective Order with the additional clarification and order that once this action is closed, the court will not retain jurisdiction over enforcement of the terms of this discovery protective order. See L.R. 141.1(f).

Dated: October 14, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 lowe25cv3022.stip.po